**COMP**
LESLIE MARK STOVALL, ESQ.
Nevada Bar No. 2566
ROSS MOYNIHAN, ESQ.
Nevada Bar No. 11848
STOVALL & ASSOCIATES
2301 Palomino Lane
Las Vegas, Nevada 89107
Telephone: (702) 258-3034
Facsimile: (702) 258-0093
Eserve: court@lesstovall.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

BRITTANY WIDMAYER, an individual;
ROBERT MONAHAN, an individual,

          Plaintiff,

vs.

OTIS WORLDWIDE CORPORATION;
DOES I-X; and ROE CORPORATIONS I-X,
inclusive.

          Defendants.

CASE NO.: 2:25-cv-00723

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

COME NOW, Plaintiffs BRITTANY WIDMAYER and ROBERT MONAHAN, by and through their attorneys STOVALL & ASSOCIATES, and for their complaint against the Defendants, and each of them, allege and state as follows:

I.

That plaintiff BRITTANY WIDMAYER is, and at all times mentioned herein was, a resident of Clark County, Nevada.

/ / /

/ / /

1

II.

That plaintiff ROBERT MONAHAN is, and at all times mentioned herein was, a resident of Clark County, Nevada.

III.

The defendant, OTIS WORLDWIDE CORPORATION, is and at all times mentioned herein was, a Connecticut Corporation having its principal place of business at 1 Carrier Place, Farmington, CT 06032.

**JURISDICTION**

IV.

This court has jurisdiction over this action pursuant to 28 USC section 1332(a) and (b) in that this case involves claims between citizens of different states and the amount in controversy is a sum in excess of $75,000.

V.

That venue is proper in the Nevada district pursuant to 28 USC 1391(b)(2) in that a substantial part of the events giving rise to the claim occurred therein. Specifically,

A. The plaintiffs suffered spinal injuries in a motor vehicle accident that occurred in Florida.

B. The Defendant's liability is clear: The defendant lost control of a Ford truck and collided with the Nissan car occupied by the plaintiffs.

C. The evidence of the plaintiffs' damages are located in Nevada: Following the subject motor vehicle accident the plaintiffs returned to Nevada where they have received all further medical treatment for the spinal injuries, where all of their treating physicians and services providers are located, and where all experts that will provide opinions regarding the future

prognosis, care, and treatment the plaintiffs will require as a result of the injuries sustained in the subject motor vehicle accident are located.

D. Defendant Otis Worldwide Corporation is a Connecticut corporation.

**JURY DEMAND**

VI.

Plaintiffs demand a jury trial pursuant to FRCP 38(b).

**STATEMENT OF FACTS**

VII.

That on July 20, 2024 the plaintiffs were the passengers of a 2013 Nissan vehicle, Florida license plate number IXV-002, on Interstate 95 and State Road 46 in Florida.

VIII.

That on July 20, 2024 Lucas Ruch was the driver/operator of a Ford 2D Truck, Florida license plate number KBD-R15, within the course and scope of his employment by defendant Otis Worldwide Corporation.

IX.

That Lucas Ruch operated the Ford 2D Truck as an agent, and within the scope of that agency, of defendant Otis Worldwide Corporation on July 20, 2024.

X.

That on July 20, 2024, defendant Otis Worldwide owned the Ford 2D Truck, Florida license plate number KBD-R15 operated by its employee Lucas Ruch.

/ / /

/ / /

/ / /

XI.

That on July 20, 2024, defendant Lucas Ruch, while driving the Ford 2D Truck on Interstate 95 and State Road 46, negligently lost control of the Ford 2D Truck and collided with the 2013 Nissan vehicle occupied by the plaintiffs.

XII.

That defendant Otis Worldwide Corporation negligently entrusted its Ford 2D Truck to Lucas Ruch, and as a direct and proximate result thereof the plaintiffs suffered injuries when Lucas Ruch negligently drove Ford 2D Truck into the vehicle occupied by the plaintiffs.

XIII.

That defendant Otis Worldwide Corporation negligently hired, retained, and/or supervised Lucas Ruch in operation of the Ford 2D Truck Florida license plate number KBD-R15.

XIV.

That as a direct and proximate result of the aforementioned negligence of the defendants, plaintiff BRITTANY WIDMAYER sustained injuries to her neck, head, back, and bodily limbs, organs and systems, all or some of which conditions may be permanent and disabling and, all to the plaintiff's damages in a sum in excess of $75,000.

XV.

That as a direct and proximate result of the aforementioned negligence of the defendants, plaintiff BRITTANY WIDMAYER did receive medical and other treatment for her injuries, and that said services, care and treatment are continuing and shall continue into the future in a sum to be determined, all to the plaintiff's damages in a sum in excess of $75,000.

///

XVI.

That the injuries complained of herein, diminish plaintiff BRITTANY WIDMAYER's ability and capacity to engage in activities to the same extent as prior to the accident which is the subject of this complaint, all to the plaintiff's damages in the sum in excess of $75,000.

XVII.

That as a direct and proximate result of the aforementioned negligence of the defendants, plaintiff ROBERT MONAHAN sustained injuries to his neck, head, back, and bodily limbs, organs and systems, all or some of which conditions may be permanent and disabling and, all to the plaintiff's damages in a sum in excess of $75,000.

XVIII.

That as a direct and proximate result of the aforementioned negligence of the defendants, plaintiff ROBERT MONAHAN did receive medical and other treatment for her injuries, and that said services, care and treatment are continuing and shall continue into the future in a sum to be determined, all to the plaintiff's damages in a sum in excess of $75,000.

XIX.

That the injuries complained of herein, diminish plaintiff ROBERT MONAHAN's ability and capacity to engage in activities to the same extent as prior to the accident which is the subject of this complaint, all to the plaintiff's damages in the sum in excess of $75,000.

XX.

That the aforementioned negligence of the defendants has caused the plaintiffs to engage the services of an attorney, incurring attorneys fees and cost to bring this action, which plaintiffs seek to recover from the defendants.

WHEREFORE, plaintiffs expressly reserving the right to amend this complaint at the time of, or prior to trial, prays for judgment against the defendants as follows:

1. For general damages in a sum in excess of $75,000;

2. For special damages in a sum in excess of $75,000;

3. For attorney's fees and costs of suit incurred herein;

4. For interest at the statutory rate;

5. For such other and further relief as the court deems just and proper under the premises.

DATED 25th day of April 2025.

STOVALL & ASSOCIATES

/s/ Ross Moynihan
_____
LESLIE MARK STOVALL, ESQ.
Nevada Bar No. 2566
ROSS MOYNIHAN, ESQ.
Nevada Bar No. 11848
2301 Palomino Lane
Las Vegas, Nevada 89107
*Attorney for Plaintiff*