**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Brittany Widmayer, et al.,

             Plaintiffs,

   v.

Otis Worldwide Corporation,

             Defendant.

Case No. 2:25-cv-00723-RFB-BNW

**ORDER**

Before this Court is Plaintiffs' motion for jurisdictional discovery. ECF No. 15. Defendant opposed and Plaintiffs replied. ECF Nos. 26 and 27. This Court held a hearing on January 20, 2025. ECF No. 35. The parties are familiar with the arguments. As a result, the Court repeats them only as relevant to its order.

Defendant argues in its motion to dismiss that venue is not proper in this District on the basis that, inter alia, Defendant cannot be deemed to reside in Nevada as it is not subject to this Court's personal jurisdiction. ECF No. 6 at 6. In turn, Plaintiff seeks jurisdictional discovery to show that Otis Elevator (which allegedly has contacts Nevada) is the alter ego of Otis Worldwide Corporation (the named Defendant).

After today's hearing, Plaintiffs made clear they are arguing venue is proper in this District because Defendant is subject to this Court's *general jurisdiction* (and not specific jurisdiction) based on an alter ego theory of liability. Defendant argued (1) Plaintiffs had to establish both specific jurisdiction *and* general jurisdiction and (2) that after *Daimler AG v. Bauman*, 571 U.S. 117 (2014), Plaintiffs could not rely on alter ego liability for purposes of general jurisdiction.

This Court rejects Defendant's first argument. General and specific jurisdiction are alternative bases for personal jurisdiction, not cumulative requirements. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801-802 (9th Cir. 2004) (discussing specific jurisdiction after establishing there was no general jurisdiction over defendant); *see also*, *Cybersell, Inc. v.*

*Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997) ("A court may assert either specific or general jurisdiction over a defendant.")

As to the second argument, this Court finds *Daimler AG* does not preclude Defendant from making an argument that this Court has general jurisdiction based on an alter ego theory of liability. The Ninth Circuit explained that,

> in *Ranza v. Nike, Inc*., 793 F.3d 1059 (9th Cir. 2015), we considered whether an in-state corporation's contacts could be attributed to its foreign subsidiary to establish general jurisdiction over the subsidiary. *See id.* at 1065. We stated that while *Daimler* invalidated our previous "agency" test, it "left intact" the alternative "alter ego test for 'imputed' general jurisdiction." *Id*. at 1071. We made clear, however, that the parent-subsidiary relationship does not on its own establish two entities as "alter egos," and thus does not indicate that general jurisdiction over one gives rise to general jurisdiction over the other. *Id*. at 1070 (*citing Dole Food Co. v. Patrickson*, 538 U.S. 468, 474, 123 S.Ct. 1655, 155 L.Ed.2d 643 (2003); *United States v. Bestfoods*, 524 U.S. 51, 61, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998)). Rather, we held that "the alter ego test may be used to extend personal jurisdiction to a foreign parent or subsidiary when, in actuality, the foreign entity is not really separate from its domestic affiliate." *Id*. at 1073 (emphasis omitted). To satisfy this test, "a plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." *Id*. (quotation marks and alterations omitted).

*Williams v. Yamaha Motor Co*., 851 F.3d 1015, 1021 (9th Cir. 2017).

Whether Plaintiffs will ultimately meet the Ninth Circuit's test remains to be seen. Absent jurisdictional discovery, however, Plaintiffs will have no meaningful opportunity to make the required showing. This Court will allow discovery, as discussed in court, on the potential unity of interest between these two companies. At this stage, this court will not authorize depositions. Should the interrogatories and requests for production propounded by Plaintiffs give rise to the need for depositions, Plaintiffs may file the appropriate motion.

Based on this, it is anticipated that Plaintiffs will move to amend their complaint. Plaintiffs' deadline to do so will be March 1, 2026.

//

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for jurisdictional discovery (ECF No. 15) is **GRANTED.**

DATED: January 22, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE